IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Irene Toth and Lucy Emond, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.   3:09-cv-0425-JPG-PMF |
| ) | |
| Portfolio Recovery Associates, LLC, a ) | |
| Delaware limited liability company, ) | |
| ) | |
| Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiffs, Irene Toth and Lucy Emond, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; Plaintiff Toth resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Irene Toth ("Toth"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt (a Capital One credit card), despite the fact that she was represented as to this debt by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Lucy Emond ("Emond"), is a citizen of the State of Rhode Island, from whom Defendant attempted to collect a delinquent consumer debt (an HSBC credit card), despite the fact that she was represented as to this debt by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

5. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From PRA's offices in Virginia, Kansas and Tennessee, Defendant PRA operates a nationwide delinquent debt buying/debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant PRA is licensed to conduct business in Illinois and maintains a registered agent here.  See, record from the Illinois Secretary of State, which is attached as Exhibit A.

7. Defendant PRA is licensed as a collection agency in Illinois.  See, record from the Illinois Division of Professional Regulation, which is attached as Exhibit B.

## FACTUAL ALLEGATIONS

**Ms. Irene Toth**

8. Ms. Toth is an elderly woman with limited assets and income, who fell behind on paying her bills.  One such debt she was unable to pay was a debt she owed

for a Capital One credit card.  At some point in time, Defendant PRA bought this debt after it became delinquent and began trying to collect it from Ms. Toth.

9. Accordingly, Ms. Toth sought the assistance of legal aid attorneys at the LASPD, regarding her financial difficulties and Defendant PRA's collection action.

10. One of Ms. Toth's attorneys at LASPD wrote a letter, dated, December 2, 2008, to Defendant PRA, advising Defendant PRA that Ms. Toth was represented by counsel, and directing PRS to cease contacting Ms. Toth, and to cease all further collection activities.  A copy of this letter and the fax confirmation are attached as Exhibit C.

11. Disregarding her representation by counsel, Defendant PRA sent a collection letter, dated April 30, 2009, directly to Ms. Toth, demanding payment of the Capital One debt.  A copy of this letter is attached as Exhibit D.

12. Accordingly, on June 3, 2009, Ms. Toth's LASPD attorney had to send Defendant PRA yet another letter, directing it to cease communicating directly with Ms. Toth.  A copy of this letter and the fax confirmation are attached as Exhibit E.

**Ms. Lucy Emond**

13. Ms. Emond is also an elderly woman with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC credit card.  At some point in time, Defendant PRA bought this HSBC debt after it became delinquent and began trying to collect it from Ms. Emond.  Ms. Emond also sought the assistance of the legal aid attorneys at LASPD, regarding her financial difficulties and Defendant PRA's collection action.

14. One of Ms. Emond's attorneys at LASPD wrote a letter, dated October 19, 2008, to Defendant PRA, advising Defendant PRA that Ms. Emond was represented by counsel, and directing PRS to cease contacting Ms. Emond, and to cease all further collection activities.  A copy of this letter and the fax confirmation are attached as Exhibit F.

15. Disregarding her representation by counsel, Defendant PRA sent collection letters, dated March 31, 2009 and April 6, 2009, directly to Ms. Emond, demanding payment of the HSBC debt.  Copies of these letters are attached as Exhibits G and H, respectively.

16. Accordingly, on April 25, 2009, Ms. Emond's LASPD attorney had to send Defendant PRA yet another letter, directing it to cease communicating directly with Ms. Emond.  A copy of this letter and the fax confirmation are attached as Exhibit I.

17. All of the collection actions at issue occurred within one year of the date of this Complaint.

18. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiffs adopt and reallege ¶¶ 1-18.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

4

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendant PRA knew that Ms. Toth and Ms. Emond were represented by counsel in connection with their debts, because the attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with Ms. Toth and Ms. Emond.  By directly writing to Ms. Toth and Ms. Emond, despite being advised that they were represented by counsel, Defendant PRA violated § 1692c (a)(2) of the FDCPA.

22. Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

23. Plaintiffs adopt and reallege ¶¶ 1-18.

24. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

25. Here, the letters from Ms. Toth's and Ms. Emond's LASPD attorney (Exhibits C and F), told Defendant PRA to cease communications and that they refused to pay the debt.  By continuing to communicate regarding these debts and demanding payment, Defendant PRA violated § 1692c(c) of the FDCPA.

26. Defendant PRA's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Irene Toth and Lucy Emond, pray that this Court:

1. Declare that Defendant PRA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Toth and Emond, and against Defendant PRA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiffs, Irene Toth and Lucy Emond, demand trial by jury.

Irene Toth and Lucy Emond,

By: /s/ David J. Philipps____
One of Plaintiffs' Attorneys

Dated:  June 5, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com